IN THE UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

In re:     *

Maurice Briscoe     *     Case No: 23-12106-MCR

    Debtor     *     ( Chapter 7)

* . * . * . * . * . * . * . *

Pathik Rami     *
Safe Asset Group Limited Partnership.
    *
    Movants
    *
V.
    *
Maurice Briscoe

    Respondent

* . * . * . * . * . * . * . * . * . * . * . * . * . * . * . *

**PATHIK RAMI AND SAFE ASSET GROUP LIMITED PARTNERSHIP'S**
MOTION FOR RELIFE FROM THE AUTOMATIC STAY

Judge Ruark made it very clear that these judgements cannot be relitigated.

### **Bank ground**

I respectfully submit the following facts regarding the actions of Mr. Rami and his attorneys, who have successfully obtained judgments against me in various Maryland counties. Under Mr. Rami's direction, Mr. Sperling engaged in fraudulent conduct, including forging my signature and introducing false claims during my deposition concerning cross-collateral clauses. Mr. Sperling used this false information in rent court, resulting in the unlawful eviction of multiple families. Additionally, he misled courts in several counties, which contributed to the judgments being entered against me. Mr. Rami has failed to disclose that I made repeated attempts to pay all debts owed to him, yet these attempts were unsuccessful. Mr. Rami selectively allowed me to pay off certain properties while blocking others. A critical issue is the property located at **5007 Liberty Heights Ave.**, which was severely damaged in a house fire, causing $150,000 in damages. My insurance company issued me a check for repairs, but I was instructed to sign the check over to Mr. Rami, as he was the lender. Mr. Rami assured me that once the check cleared,



he would return the funds for the repairs. However, Mr. Rami failed to return any funds for the necessary repairs to rehab the property. Instead, he falsely claimed that the property was in default and cross-collateralized with other properties that were also in default. This claim was refuted by both the loan documents and two of my attorneys. I was approved to refinance Mr. Rami's loan, which would have paid his loan in full. The amount due after receiving the insurance check was $15,000. However, Mr. Rami demanded $90,000 to release the note. My Leander refused and withdrew from the deal.

Additionally, Mr. Rami and I had another deal involving four properties that were in default. As I mentioned earlier, I attempted to sell these properties to settle the debt owed to Mr. Rami. The following sales were allowed by Mr. Rami:

1. **3802 Norfolk Ave.**: Purchased for $65,000, sold for $85,000. Mr. Rami kept all the proceeds.
2. **3298 Garrison Blvd.**: Purchased for $85,000, sold for $100,000. Mr. Rami kept all the proceeds
3. **417 Bradford St.**: Sold for $45,000. My attorney holding the until the court decide who have claims to the funds

However, Mr. Rami refused to allow me to sell **3210 Garrison Blvd.** despite its value being $285,000, which would have fully paid off his loan. Instead, he illegally sold it to one of his employees- girlfriend for $90,000, violating our contract. Mr. Rami asked on more then one occasion for a release on this property. I tried to negotiate a deal to release the property without success.

My attorney at the time filed a fraud complaint against Mr. Rami and his company, Safe Access Group. Discovery was scheduled for late December, but the case was converted back to a Chapter 7 after Mr. Gann continued misleading the court.

Furthermore, Mr. Gann has made false claims that I diverted funds to my daughter. I have already informed Trustee Beatty at our initial meeting that my bank account was frozen by Mr. Rami and that I used my daughter's account solely to continue using the banking system. I forwarded all transaction records to both Mr. Gann and the trustee for their review.

Mr. Gann also falsely stated that I failed to pay my taxes, water bills, and insurance. I have owned these properties for over twenty years, and the only outstanding taxes are for 2023, which are part of my repayment plan. I have provided Mr. Gann with all leases, which clearly state that water bills are the responsibility of the tenants. I have also provided up-to-date insurance policies for each property. Furthermore, as ordered by the judge, I submitted 12 months' worth of profit and loss statements before the October 31, 2024 deadline. I have received confirmation that these documents were successfully submitted.

Despite my efforts to comply with all court orders, Mr. Gann has repeatedly misled this court in an attempt to delay or prevent my adversary trial.

## ARGUMENT

Mr. Gann continues to mislead this court by falsely claiming that no payments have been made toward the loan in question. I have consistently made monthly payments of $1,500, which later increased to $2,000 per month, since entering the Chapter 13 plan. Mr. Gann's assertion that I have no equity in my properties is misleading and aims to prevent me from having my day in court.

Within my portfolio, I own three properties that are fully paid off, as well as another that will be paid off in the near future. Should the court determine that the sale of my properties is necessary, I respectfully request the opportunity to refinance in order to pay any creditors with valid claims.

## BAD FAITH

Mr. Gann has attempted to mislead this court into believing that I have acted in bad faith. However, I respectfully submit that the true parties acting in bad faith are Mr. Rami, his attorney Mr. Sperling, and Mr. Gann himself. Throughout these proceedings, I have adhered to every order and instruction issued by this court, while Mr. Rami and his legal counsel have engaged in multiple instances of misconduct, including:

1. **Forgery of Documents**: Mr. Rami and his attorneys have been involved in the forgery of documents related to my case.
2. **Failure to Return Insurance Funds**: Despite being issued a $150,000 insurance check for fire damage repairs to my property, Mr. Rami failed to return the funds for their intended purpose.
3. **False Claims Regarding Cross-Collateralization**: Mr. Rami and his attorneys falsely misrepresented the existence of cross-collateral clauses that do not exist in the loan documents.
4. **Unlawful Eviction**: Mr. Sperling, under Mr. Rami's direction, illegally evicted a family from their home.
5. **Obstruction of Property Payoff**: Mr. Rami and his attorneys repeatedly refused to allow me to pay off my property at **5007 Liberty Heights Ave.**.
6. **Refusal to Allow Sale of Property**: Despite the property at **3210 Garrison Blvd.** being valued at $280,000, Mr. Rami refused to allow me to sell it.
7. **Unauthorized Sale of Property**: While I was under a bankruptcy stay, Mr. Rami illegally sold my property at **5007 Liberty Heights Ave.** for $380,000, further violating court orders.

These actions demonstrate a clear pattern of bad faith conduct on the part of Mr. Rami and his legal team, which I respectfully ask the court to consider in its deliberations.

## CLOSING STAEMENT

Mr. Gann continues to attempt to convince this court that I am acting in bad faith. However, the evidence will clearly demonstrate that I am, in fact, the victim of a predatory lender who has

committed multiple federal infractions, all of which need to be addressed by this court. With the $150.000 insurance check and the $380.000 Mr. Rami and Mr. Gann sold while I was under a stay by the court their claims have been paid in full. The overage payment should be returned back to the trustee to be apply toward my other creditors claims.

In light of these facts, I respectfully request that the court refrain from lifting the stay until a decision has been made regarding my appeal. As was indicated during our last hearing, Trustee Cohen informed Mr. Gann that no further action would be taken until the court has rendered a decision. I ask that this be upheld, ensuring fairness as this matter is properly reviewed.

Thank you for your consideration.

*Maurice Bavare* (signature)

10/30/24, 5:28 PM

https://bkdocs.us/filer/upload-cert.php?serial=DOC13000000004973277&t=1730323660

Bankruptcy Documents | Upload Certification

1/2

# Certification of Document Receipt

## BANKRUPTCY DOCUMENTS HAS RECEIVED YOUR FILE

Document serial number: **DOC13000000004973277**

This is the serial number which has been assigned to your document. Use the serial number to reference this upload with the Trustee or Bankruptcy Documents staff.

Case Number: 2312106

| | |
|---|---|
| **Original Filename:** | ENTERPRISE PROFIT LOST SIGNED.pdf.pdf (Original file name is displayed for informational purposes only.) |
| **Received Date:** | Wednesday, October 30th 05:27:39 PM (local) |
| **Document Type:** | Bank Statement |
| **Uploaded by:** | Maurice Briscoe <mauricebriscoe@msn.com> |
| **In-Transit for:** | Rebecca Herr |
| | 185 Admiral Cochrane Dr. STE 240 |
| | Annapolis, MD 21401 |
| | P: (phone) +1 (910) 545-4601 |

**NOTICE**

Bankruptcy Documents does not make any guarantee to the accuracy of the information provided by the filer for any purpose.

## CERTIFICATE OF SERVICE

USBC-MD G FILED
27 JAN '25 AM10:14

I hereby certify that on this 27TH day of Jan, 2025 a copy of the foregoing was sent mail to:

Merril Cohen
P.O Box 53
Harbeson , DE 199

Levin Gann
1 Pennsylvania Ave
Towson MD 21204

*Maurice Buadre*
1-27-25