Entered: March 26th, 2025
Signed: March 25th, 2025

**SO ORDERED**



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## AT GREENBELT

In re:

MAURICE BRISCOE,

      Debtor.

Case Number:  23-12106-MCR
Chapter 13

MAURICE BRISCOE,

      Objector,

v.

PATHIK RAMI and SAFE ASSET GROUP
LIMITED PARTNERSHIP,

      Respondents.

**ORDER ADJUDICATING DEBTOR'S OBJECTIONS TO CLAIM NOS. 14 AND 15**
**FILED BY PATHIK RAMI AND SAFE ASSET GROUP LIMITED PARTNERSHIP**

Before the Court are objections filed by Maurice Briscoe (the "Debtor") to the claims filed

by Pathik Rami ("Mr. Rami") and Safe Asset Group Limited Partnership ("Safe Asset"; jointly

with Mr. Rami, the "Claimants").  For the reasons set forth below, the Court overrules both claim

objections.

Procedural History

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 29, 2023 (the "Petition Date").

On October 31, 2023, Mr. Rami filed a proof of claim [Claim No. 14-1] asserting a secured claim in the amount of $100,223.13 at 10% interest. On February 22, 2024, Mr. Rami filed an amended proof of claim [Claim No. 14-2] (the "Rami Claim") asserting a secured claim in the amount of $153,050.23 at 10% interest. The documents attached to the amended proof of claim reflect that the Rami Claim is based on two separate judgments entered in favor of Mr. Rami against the Debtor by the Circuit Court for Baltimore City (the "State Court") on February 16, 2022.

On October 31, 2023, Safe Asset filed a proof of claim [Claim No. 15-1] asserting a secured claim in the amount of $91,149.23 at 10% interest. On February 22, 2024, Safe Asset filed an amended proof of claim [Claim No. 15-2] (the "Safe Asset Claim"; jointly with the Rami Claim, the "Claims") asserting a secured claim in the amount of $142,534.38 at 10% interest. The documents attached to the amended proof of claim reflect that the Safe Asset Claim is based on two separate judgments entered in favor of Safe Asset against the Debtor by the State Court on October 13, 2021.

On May 17, 2024, the Debtor filed an objection to the Rami Claim [Dkt. No. 127] and an objection to the Safe Asset Claim [Dkt. No. 128] (the "Claim Objections"). The Claim Objections, which are nearly identical, are based on three arguments: (i) the Claimants failed to credit the amounts allegedly owed by the Debtor on account of the Claims with insurance proceeds received from a fire that occurred at the property located at 5007 Liberty Heights Avenue, Baltimore, MD 21207 (the "Liberty Heights Property"); (ii) the Claimants failed to credit the amounts allegedly

owed by the Debtor on account of the Claims with the value of the property located at 3210 Garrison Boulevard, Baltimore, MD 21216 (the "Garrison Property"); and (iii) Mr. Rami did not have authority to sell the Liberty Heights Property and the Claimants failed to credit the amounts allegedly owed by the Debtor on account of the Claims with the proceeds from the sale of the Liberty Heights Property. Although the Debtor made the same arguments to support both Claim Objections, the arguments relate to promissory notes held solely by Mr. Rami. In the Claim Objections, the Debtor's subsequent filings regarding the Claim Objections, and the Debtor's oral argument in support of the Claim Objections, the Debtor made no factual or legal arguments in support of his objection to the Safe Asset Claim.

On June 14, 2024, the Claimants filed a joint response to the Claim Objections [Dkt. No. 134], and on January 10, 2025, the Claimants filed a *Motion for Summary Judgment to Deny Debtor's Objections to Creditors' Proofs of Claim* [Dkt. No. 224] [the "Motion for Summary Judgment"). The Claimants maintain that all three of the Debtor's arguments were considered by the State Court when the judgments were entered against the Debtor. On January 27, 2025, the Debtor filed a response to the Motion for Summary Judgment [Dkt. No. 232] restating his arguments in the Claim Objections and rehashing the issues previously decided by the State Court.

The Court held a status conference on the Claim Objections and related filings on February 3, 2025. At the status conference, the Court scheduled a hearing on the Motion for Summary Judgment for March 17, 2025, with an evidentiary hearing on the Claim Objections to immediately follow if the Motion for Summary Judgment did not fully resolve the Claim Objections. Following the status conference, the Court issued a Notice of Evidentiary Hearing [Dkt. No. 238] stating that the Court would hold a hearing on the Motion for Summary Judgment,

an evidentiary hearing on the Claim Objections, and a status conference on the Claimants' motion for relief from stay on March 17, 2025.

The Court conducted an all-day hearing on March 17, 2025. The Court addressed the Motion for Summary Judgment first. After considering the record before the Court and the arguments of the Debtor and the Claimants, the Court granted summary judgment in favor of Safe Asset because the Debtor failed to raise any objections with regard to the Safe Asset Claim or otherwise overcome the *prima facie* validity of the Safe Asset Claim. The Court denied summary judgment with respect to the Rami Claim because there were material facts in dispute bearing on the amount owed by the Debtor to Mr. Rami. Thus, after ruling on the Motion for Summary Judgment, the Court proceeded with an evidentiary hearing as to the Debtor's objection to the Rami Claim. At the conclusion of the Debtor's case, Mr. Rami moved for judgment, which the Court denied.

<u>Findings of Fact and Conclusions of Law</u>

"A proof of claim signed and filed in accordance with these rules is *prima facie* evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f); *see also Stancill v. Harford Sands Inc. (In re Harford Sands Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) ("The creditor's filing of a proof of claim constitutes *prima facie* evidence of the amount and validity of the claim."). "A properly executed and filed proof of claim 'is sufficient to shift the burden of producing evidence and to entitle the claimant to share in the distribution of the bankrupt's estate unless an objector comes forward with evidence contradicting the claim.'" *USGen New England, Inc. v. TransCanada Pipelines, Ltd. (In re USGen New England, Inc.)*, 429 B.R. 437, 473 (Bankr. D. Md. 2010) (quoting *In re Gates,* 214 B.R. 467, 472 (Bankr. D. Md. 1997)). Once the objecting party produces sufficient evidence to rebut the claim in whole or in part, the burden of going forward shifts back

to the claimant to prove the validity of the claim by a preponderance of the evidence. *USGen New England*, 429 B.R. at 473.

Based on the evidence presented at the hearing, and for the reasons stated on the record, the Court finds that the Debtor did not meet his burden. He did not present evidence that contradicts the Claims, and therefore, the Claims should be allowed in the amounts previously determined by the State Court.

The Court's consideration of the Claim Objections begins with the judgments entered by the State Court:

- On October 5, 2021, the State Court entered judgment in favor of Safe Asset against the Debtor in Case No. 24-C-21-004230 in the amount of $60,203.54 plus "interest accruing at 18.5% at the *per diem* rate of $24.93 from the date of filing until the date the judgment is entered, in addition to post-judgment interest at the legal rate from the date of judgment, and all additional costs incurred for this action." *See* Claimants' Ex. No. 1 [Dkt. No. 244] (Confessed Judgment Order in Case No. 24-C-21-004230).

- On the same day, the State Court entered a second judgment in favor of Safe Asset against the Debtor in Case No. 24-C-21-004231 in the amount of $30,995.69 plus "interest accruing at 18.5% at the *per diem* rate of $10.74 from the date of filing until the date the judgment is entered, in addition to post-judgment interest at the legal rate from the date of judgment, and all additional costs incurred for this action." *See* Claimants' Ex. No. 4 [Dkt. No. 244] (Confessed Judgment Order in Case No. 24-C-21-004231).

- On February 7, 2022, the State Court entered judgment in favor of Mr. Rami against the Debtor in Case No. 24-C-22-000488 in the amount of $75,416.82, plus "interest accruing at 7% at the *per diem* rate of $13.09 from the date of filing until the date the judgment is entered, in addition to post-judgment interest at the legal rate from the date of judgment, and all additional costs incurred for this action." *See* Claimants' Ex. No. 7 [Dkt. No. 244] (Confessed Judgment Order in Case No. 24-C-22-000488).

- On the same day, the State Court entered a second judgment in favor of Mr. Rami against the Debtor in Case No. 24-C-22-000489 in the amount of $24,806.31, plus "interest accruing at 8.21% at the *per diem* rate of $3.34 from the date of filing until the date the judgment is entered, in addition to post-judgment interest at the legal rate from the date of judgment, and all additional costs incurred for this action."

*See* Claimants' Ex. No. 12 [Dkt. No. 244] (Confessed Judgment Order in Case No. 24-C-22-000489).

The sole issue for this Court is whether the State Court Judgments have been partially or fully satisfied. This Court cannot review or reconsider the merits of the State Court Judgments under the *Rooker-Feldman* doctrine, which is a jurisdictional rule that prohibits a federal court from reviewing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [court] proceedings commenced and inviting [court] review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). In support of his Claim Objections, the Debtor argued that the Claims have been fully satisfied, but the evidence presented at the hearing confirms that the Debtor's arguments are without merit.

First, the Debtor argued that Mr. Rami failed to credit the amount owed by the Debtor on the judgment entered in Case No. 24-C-22-000489 with insurance proceeds Mr. Rami received as a result of a fire at the Liberty Heights Property. The Claimants presented uncontroverted evidence that the State Court considered the insurance proceeds prior to entry of the judgment in favor of Mr. Rami in that case. The judgment indisputably reflects a reduction in the amount of $152,714.21 as the result of a check Mr. Rami received from the insurer eight months before entry of the judgment. *See* Claimants' Ex. 15 (spreadsheet for amount due in Case No. 24-C-22-000489).

Second, the Debtor argued that Mr. Rami failed to credit the amount owed by the Debtor on the judgment entered in Case No. 24-C-22-000488 with the value of the Garrison Property, which the parties removed from their financing deal. Again, the Claimants presented uncontroverted evidence that the State Court considered the value of the Garrison Property prior to entry of the judgment for Mr. Rami in that case. The Term Promissory Note on which the

judgment is based was in the original principal amount of $290,000.  *See* Claimants' Ex. No. 8 (complaint and note).  This amount was reduced by the value of the Garrison Property, which was determined to be $85,000, prior to entry of the judgment by the State Court.  *See* Claimants' Ex. No. 11 (spreadsheet for amount due in Case No. 24-C-22-000488).  Accordingly, contrary to the Debtor's assertions, the judgment entered by the State Court in Case No. 24-C-22-000488 reflects the disposition of the Garrison Property.

Finally, the Debtor argued that Mr. Rami sold the Liberty Heights Property without authority and that Mr. Rami failed to apply the proceeds from the sale of the Liberty Heights Property to the amounts owed on the judgments entered in Mr. Rami's favor.  Once again, the Claimants presented indisputable evidence that Mr. Rami had authority to sell the Liberty Heights Property.  Mr. Rami owned 100% of the membership interests in the limited liability company (5007 Liberty Heights Ave, LLC) that owned the Liberty Heights Property, and Mr. Rami agreed to transfer the membership interests to the Debtor under certain conditions.  However, the conditions were not satisfied and Mr. Rami remained the owner of the limited liability company.  He therefore had authority to sell the Liberty Heights Property.  Mr. Rami gave detailed and undisputed testimony that there were no funds available to apply to the judgments after payment of closing costs, taxes, fines, legal expenses, and property repairs.

The Court determines that the amount of the Safe Asset Claim is $104,718.73 as of the Petition Date.  This amount includes the following:

- In Case No. 24-C-21-004230, judgment in the amount of $60,203.54 plus pre-judgment interest in the amount of $174.51[1] plus post-judgment interest in the amount of $8,750.88[2] for a total of $69,128.93; and

- In Case No. 24-C-21-004231, judgment in the amount of $30,995.69 plus pre-judgment interest in the amount of $85.92[3] plus post-judgment interest in the amount of $4,508.19[4] for a total of $35,589.80.

The Court determines that the amount of the Rami Claim as of the Petition Date is $111,541.59, which includes the following:

- In Case No. 24-C-22-000488, judgment in the amount of $75,416.82 plus pre-judgment interest in the amount of $157.08[5] plus post-judgment interest in the amount of $8,367.30[6] for a total of $83,941.20; and

- In Case No. 24-C-22-000489, judgment in the amount of $24,806.31 plus pre-judgment interest in the amount of $40.08[7] plus post-judgment interest in the amount of $2,754.00[8] for a total of $27,600.39.

The Claimants recorded the State Court Judgments in the Circuit Court for Baltimore County and the Circuit Court for Prince George's County, thereby creating judicial liens on all real property owned by the Debtor in those counties. *See* Md. Code Ann. Cts. & Jud. Proc. § 11-402(b) ("If indexed and recorded as prescribed by the Maryland Rules, a money judgment of a court constitutes a lien to the amount and from the date of the judgment on the judgment debtor's interest

---

[1] 7 days x $24.93/day (based on an 18.5% pre-judgment interest rate as set forth in the Confessed Judgment Order).

[2] 531 days x $16.48/day (based on a 10% post-judgment interest rate as set forth in Md. Code Ann. Cts. & Jud. Proc. § 11-107(a)).

[3] 8 days x $10.74/day (based on an 18.5% pre-judgment interest rate as set forth in the Confessed Judgment Order).

[4] 531 days x $8.49/day (based on a 10% post-judgment interest rate as set forth in Md. Code Ann. Cts. & Jud. Proc. § 11-107(a)).

[5] 12 days x $13.09/day (based on a 7% pre-judgment interest rate as set forth in the Confessed Judgment Order).

[6] 405 days x $20.66/day (based on a 10% post-judgment interest rate as set forth in Md. Code Ann. Cts. & Jud. Proc. § 11-107(a)).

[7] 12 days x $3.34/day (based on a 7% pre-judgment interest rate as set forth in the Confessed Judgment Order).

[8] 405 days x $6.80/day (based on a 10% post-judgment interest rate as set forth in Md. Code Ann. Cts. & Jud. Proc. § 11-107(a)).

in land located in the county in which the judgment was rendered except a lease from year to year or for a term of not more than five years and not renewable.") Consequently, the foregoing claims are allowed as secured claims.

In addition, the promissory notes on which the judgments are based provide for the payment of collection costs to the Claimants in the event of default thereunder. *See* Claimants' Ex. Nos. 2, 5, 8, and 13 (complaints and notes). At the conclusion of the evidentiary hearing on the Claim Objections, the Court directed the Claimants to file an affidavit setting forth the amount of their collection costs, including reasonable attorneys' fees, as of the Petition Date. The Claimants filed the affidavit [Dkt. No. 251] on March 20, 2025 stating that they have incurred collection costs of $45,610.32 in connection with the State Court Judgments. The Claimants allocated 52% of the collection costs to the Rami Claim ($23,717.37) and 48% of the collection costs to the Safe Asset Claim ($21,892.95). The Court finds the collection costs to be reasonable and fairly allocated between the Claimants. Because collection costs are not included in the State Court Judgments, the Court determines that the collection costs constitute general unsecured claims against the Debtor's bankruptcy estate instead of secured claims.

At this time, the Court is not determining whether the Claimants are entitled to post-petition interest, fees, costs, and other charges in connection with the State Court Judgments. The Claimants may file a separate motion requesting any such relief and/or determination.

For these reasons, and the reasons set forth more fully on the record at the March 17, 2025 hearing, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion for Summary Judgment is granted with respect to the Safe Asset Claim and the Debtor's Objection to the Safe Asset Claim is overruled as set forth herein; and it is further

ORDERED, that the Safe Asset Claim is secured by the Debtor's real property located in Baltimore City, Baltimore County, and Prince George's County and allowed in the amount of $104,718.73 as of the Petition Date; and it is further

ORDERED, that the collection costs related to the Safe Asset Claim, including attorneys' fees, constitute an allowed general unsecured claim against the Debtor's bankruptcy estate in the amount of $21,892.95; and it is further

ORDERED, that the Motion for Summary Judgment is denied with respect to the Rami Claim and the Debtor's Objection to the Rami Claim is overruled as set forth herein; and it is further

ORDERED, that the Rami Claim is secured by the Debtor's real property located in Baltimore City, Baltimore County, and Prince George's County and allowed in the amount of $111,541.59 as of the Petition Date; and it is further

ORDERED, that the collection costs related to the Rami Claim, including attorneys' fees, constitute a general unsecured claim against the Debtor's bankruptcy estate in the amount of $23,717.37.

cc:    Debtor - *Pro Se*
Counsel for Pathik Rami & Safe Asset Group Limited Partnership - Stanford Gann, Jr.
Chapter 7 Trustee
All creditors and parties in interest

**END OF ORDER**