Entered: April 2nd, 2025
Signed: April 1st, 2025

## DENIED

The sole basis for the Debtor's request for recusal is that he disagrees with the Court's rulings. This is not a basis for recusal because judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).



**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

---

Maurice Briscoe
9903 Nicol court west
Mitchellville Md 20721
301-404-6932
mauricebriscoe@msn.com
03/30/2025

United States Bankruptcy Court
Greenbelt Division
6500 Cherrywood ln Greenbelt Md 20770

Re: Bankruptcy Case No. 23-12106

**MOTION FOR RECUSAL OF JUDGE**

**TO THE HONORABLE COURT:**

COMES NOW, Maurice Briscoe, the Debtor in the above-referenced bankruptcy case, and respectfully moves this Court for the recusal of the Honorable Judge Maria Ruark pursuant to 28 U.S.C. § 455 and in support thereof states as follows:

**I. INTRODUCTION**

1. I am the Debtor in this matter, having filed for bankruptcy protection under Chapter 7 on 3/29/2023
2. I bring this motion in good faith due to concerns regarding biased treatment I have received in past hearings held by Judge Ruark. I believe this conflict may impede the fair adjudication of my case.

**II. FACTUAL BACKGROUND**

3. On March 17, 2025, an adversary case was heard by Judge Ruark, who ruled in favor of Pathik Rami.
4. During this trial, I introduced substantial evidence demonstrating that Mr. Rami violated several laws to obtain these judgments.
5. Mr. Rami was a lender for one of my properties, located at 5007 Liberty Heights Avenue. After a fire at the property, my insurance company estimated repair costs at $151,000 and issued me a check for that amount.
6. I was instructed to provide the check to Mr. Rami as the lender, with the understanding that he would return the funds for repairs. However, despite multiple requests, Mr. Rami refused to release the money.
7. Instead, Mr. Rami falsely claimed that a portion of the insurance proceeds had to be applied toward another loan that he alleged was cross-collateralized.
8. Mr. Rami then filed fraudulent claims in various Maryland jurisdictions and was awarded confessed judgments, which constitutes a criminal act.

9. Due to Mr. Rami withholding the funds needed for repairs, I sought and was approved for a $150,000 loan. At that time, my outstanding balance was less than $20,000.

10. When my loan officer contacted Mr. Rami for a payoff amount, he demanded $90,000 to release the note, an amount my lender refused to pay. As a result, the lender withdrew from the loan.

11. Additionally, Mr. Rami and I had a four-property package deal agreement. He allowed me to sell three of the properties but sold the fourth to his girlfriend, which caused me to default on multiple loans.

12. Had Mr. Rami permitted me to refinance and sell the last property, I would not have defaulted on none of the loans.

## III. JUDICIAL BIAS AND ERRORS

13. During the case before Judge Ruark, Mr. Rami's attorney, Mr. Gann, falsely stated that I did not own the 5007 Liberty Heights Avenue property, claiming I had sold it to Mr. Rami in 2008.

14. I presented a Member Interest Purchase and Sale Agreement proving that Mr. Rami sold the property to me, contradicting his claims.

15. Mr. Rami also falsely asserted that I was in default on the note and seized the interest unlawfully.

16. I also introduced a note that state I can pay the note off at anytime.

17. I introduced evidence showing that I had attempted to pay off the loan in full, but Mr. Rami refused my payment.

18. Mr. Rami further admitted that he sold the property at 5007 Liberty Heights Avenue without obtaining approval from the trustee, despite an active bankruptcy stay.

19. Mr. Gann also falsely claimed that I lacked a deed to the properties involved in the four-property package deal. However, he made no such claim when Mr. Rami received $100,000 on an $85,000 loan, $85,000 on a $65,000 loan, and an additional $47,000 held in escrow from the properties I was allowed to sell.

20. Despite these significant legal violations, Judge Ruark failed to ask critical questions and disregarded clear evidence of wrongdoing.

## IV. JUDICIAL MISCONDUCT

20. Judge Ruark exhibited partiality by: a. Refusing to allow me to introduce a document from my attorney proving that 5007 Liberty Heights Avenue was never cross-collateralized and that no judgments should have been applied to my loans. b. Failing to question Mr. Rami regarding why he denied my ability to pay off the mortgage balance. c. Ignoring Mr. Rami's failure to obtain trustee approval before selling the property under an active stay. d. Interrupting me, raising her voice, and threatening me with arrest when I requested to leave the courtroom.

21. Furthermore, Judge Ruark prematurely decided the case, as evidenced by her inquiries into Mr. Rami's attorney fees before fully considering the evidence.

22. Despite acknowledging that Mr. Rami illegally sold the property under an active stay, Judge Ruark awarded him $400,000 for alleged repairs, which were performed without my consent or trustee approval.

23. I informed Judge Ruark of my intention to appeal her ruling and currently have an ongoing appeal regarding another case she presided over.

## V. REQUEST FOR RELIEF

24. Based on the foregoing, I respectfully request that Judge Ruark be removed from presiding over my case due to demonstrated bias and failure to apply bankruptcy laws impartially.
25. I further request that this matter be reassigned to a different judge who will uphold the integrity of the judicial process and ensure that bankruptcy rules are properly applied.

## VI. CONCLUSION

26. WHEREFORE, I respectfully request that this Court grant my Motion for Recusal and provide any further relief deemed just and appropriate.

Respectfully submitted,

Maurice Briscoe



3-31-25

DENIED