**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **Maurice Briscoe** | * | Case No.: 23-12106-MCR |
| **Debtor** | * | (Chapter 7) |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PATHIK RAMI AND SAFE ASSET GROUP LIMITED PARTNERSHIP'S
OPPOSITION TO DEBTOR'S MOTION TO STAY ENFORCEMENT
PENDING APPEAL**

Pathik Rami ("Rami") and Safe Asset Group Limited Partnership ("Safe Asset") (collectively "Creditors"), oppose Debtor's latest Motion to Stay Enforcement Pending Appeal (the "Motion"). The Debtor has filed so many Motions to Stay Enforcement Pending Appeal, and it is unclear if the last such motion has already been denied. Therefore, in an abundance of caution, Creditors file this Opposition to the Motion and state as follows:

**I.     Debtor's Motion Should Be Denied Because
        It Does Not and Cannot Meet its Burden**

As the Court has recognized with regard to each of Debtor's prior motions to stay pending appeal, Debtor continues to fail to meet his burden in demonstrating the four factors warranting the extraordinary relief of a stay pending appeal. *See Culver v. Boozer*, 285 B.R. 163 (D. Md. 2002) (setting forth four factors); *In re Schweiger*, 578 B.R. 734 (Bankr. D. Md. 2017) (denying stay pending appeal of lift stay order); and *In re Symington*, 211 B.R. 520, 522 (Bankr. D. Md. 1997) (a stay pending appeal is extraordinary relief). Indeed, Debtor ignores the four factors because he cannot meet his burden on them nor can Debtor lawfully come up with a quarter of a million dollar or larger bond even if such bond was to be considered.

Simply put, as the Court has already recognized several time, Debtor's disagreement with

the Court's prior rulings does not justify a stay nor any basis to amend or to modify the prior rulings pending Debtor's appeals.

> **II.     Debtor's Pending Appeals Do Not Stay <u>Enforcement</u> of Any Prior Orders or Judgment in This Case (Though They Do Prevent <u>Alteration</u> of the Prior Orders/Judgments While the Appeals Are Pending)**

Just as the Order converting this Case from Chapter 13 to Chapter 7 is not stayed upon Debtor's mere appeal and this case rightly continues to be administered without any stay on appeal, which stay has never been granted, enforcement of the Creditor's claims through relief from the automatic stay and otherwise should continue since they are consistent with the prior Orders in this case and do not seek to amend them in any way.  Asa result, because Creditors are secured creditors in this case and there is no stay of any of the Orders or decisions in this case, this Court may and should continue in accordance with its Orders and decisions to administer this case.  Part of administering the case is to determine when and for how long the automatic stay from the bankruptcy filing should continue.

Without any opposition to the Creditors' Motion for Relief from Stay by either the Trustee or the Debtor, Creditors await the Order for Relief from the Automatic Stay based on Debtor's bad faith and lack of equity.  In addition, such an Order will not conflict with the unopposed Order Granting the Trustee Sale because such sale will be subject to the priority liens against each of the subject properties and Debtor lacks equity in them in any event.

Debtor's efforts to alter or amend the prior Orders in this case, which are subject to his appeals, cannot be disturbed, but equally instructive is the fact that without any stay of such appealed decisions, the Court can and should continue to administer the case in accordance with the standing Orders and decisions.  *See In re Board of Directors of Hopewell, Intern. Ins. Ltd.*, 258 B.R. 580 (Bankr. S.D.N.Y. 2001) (The Court plainly stated that "a bankruptcy court retains

jurisdiction, while an appeal is pending and in the absence of a stay, to enforce the order or judgment appealed from. As the court stated in *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994), *appeal dismissed*, 59 F.3d 327 (2d Cir. 1995), 'This is true because in implementing an appealed order, the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review.'" *Id.* at 583); *In re Prudential Lines, Inc.*, 170 B.R. 222 (S.D.N.Y. 1994) (The court wrote that there is a "distinction in the divestment of jurisdiction between acts undertaken to **enforce** the judgment and acts which . . . **alter** it; the former being permissible and the latter prohibited." *Id.* at 243 Emphasis added); *In re Bencker*, 122 B.R. 506 (W.D.Mich. 1990) (The Court directed funds to be disbursed from the sale of a property even though there was a dispute on appeal about whether the funds were the property of the bankruptcy estate.)

### III.     Conclusion

  For all of these reasons, Creditors request that the Court deny Debtor's Motion to Stay Pending Appeal, enter the Order granting Creditors relief from the automatic stay pursuant to the unopposed Motion by Creditors for relief from the automatic stay, and grant Creditor such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Stanford G. Gann, Jr.
Stanford G. Gann, Jr.
Federal Bar No. 07680
LEVIN GANN PA
1 West Pennsylvania Avenue, Suite 900
Towson, Maryland 21204
(410) 321-4645 – Direct Dial
(833) 801-1118 – facsimile
sgannjr@levingann.com (e-mail)
Attorney for Creditors

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd June, 2025, a copy of foregoing Opposition and proposed Order were served by CM/EFC to those parties listed on the docket as being entitled to such electronic notices and by e-mail and first-class mail, postage prepaid to: Mr. Maurice Briscoe 9903 Nicol Ct. W, Bowie, Maryland 20721, Debtor Pro Se.

/s/ Stanford G. Gann, Jr.
Stanford G. Gann, Jr.