**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **Maurice Briscoe** | * | Case No.: 23-12106-MCR |
| **Debtor** | * | (Chapter 7) |

\* \* \* \* \* \* \* \* \* \* \*

**PATHIK RAMI AND SAFE ASSET GROUP LIMITED PARTNERSHIP'S
OPPOSITION TO DEBTOR'S MOTION TO VACATE UNAUTHORIZED SALE AND
FOR SANCTIONS AGAINST TRUSTEE FOR BAD FAITH**

Pathik Rami ("Rami") and Safe Asset Group Limited Partnership ("Safe Asset") (collectively "Creditors"), oppose Debtor's latest Motion to Vacate Unauthorized Sale and For Sanctions Against Trustee for Bad Faith (the "Motion"), and state as follows:

1. The Motion is without merit and has been filed in bad faith.

2. The Trustee was not involved in or even the Trustee in this case when 5007 Liberty Heights Avenue (the "Property") was sold. As a result, there is no basis for any complaint against the Trustee, and the Motion appears to be another misguided effort to run up the legal fees to Creditors and others.

3. The Property was not owned by Debtor nor was it an asset of the Estate as confirmed during the hearing in this case on March 17, 2025. As a result, there is no basis for any complaint against Creditors.

4. The Motion and Debtor's other filings in this case and in his appeals demonstrate an abusive pattern by Debtor to make wild and unsupported allegations and claims against his initial attorney, his second attorney, the initial Trustee, the Chapter 13 Trustees, prior counsel for Creditors, the Honorable Maria Ellena Chavez-Ruark and undersigned counsel.

5. Debtor must be stopped from continuing his charades.

6. Neither this Court nor the appellate court can vacate a 2023 sale of the Property that was done in accordance with applicable law and when, as here, Debtor did not own the Property and it was never an asset of the bankruptcy estate.

7. Indeed, Debtor's latest Motion ignores the fact that Debtor did not lose the March 17, 2025 hearing in this case or that he did not appeal that decision, thereby divesting jurisdiction of this Court to act even if Debtor could articulate a relevant point, which he cannot do.,

8. The Appellate Courts have also issued Show Cause Orders to Debtor as to why his appeals should not be dismissed based upon his failures to timely and competently proceed with his appeals.

WHEREFORE, Creditors request that the Court deny Debtor's Motion and grant Creditor such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ Stanford G. Gann, Jr.
Stanford G. Gann, Jr.
Federal Bar No. 07680
LEVIN GANN PA
1 West Pennsylvania Avenue, Suite 900
Towson, Maryland 21204
(410) 321-4645 – Direct Dial
(833) 801-1118 – facsimile
sgannjr@levingann.com (e-mail)
Attorney for Creditors

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th July, 2025, a copy of foregoing and proposed Order were served by CM/EFC to those parties listed on the docket as being entitled to such electronic notices and by e-mail and first-class mail, postage prepaid to: Mr. Maurice Briscoe, 9903 Nicol Ct. W, Bowie, Maryland 20721, Debtor Pro Se.

/s/ Stanford G. Gann, Jr.
Stanford G. Gann, Jr.